**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:09-cr-00223

TOMMY EDWARD YOUNG SR. and
TOMMY EDWARD YOUNG JR.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court are various pretrial motions[1] filed by Defendants Tommy Edward Young, Sr. and Tommy Edward Young, Jr.[2]

At a hearing held on February 12, 2010, the defendants were present in person and by counsel, Matthew A. Victor for Young, Sr. and Jane C. Moran for Young, Jr., and the United States appeared by Assistant United States Attorneys Susan M. Robinson and Thomas C. Ryan.

---

[1] The Pretrial Motions considered at the motions hearing and in this memorandum opinion are: Motion to Produce Objects Which are Subjects of the Indictment [Docket 40]; Defendant Tommy E. Young, Sr.'s Pre-Trial Motions [Docket 41]; Motion to Exclude Rule 404(b) Evidence [Docket 44], Motion to Adopt Co-Defendant's Motions [Docket 45]; Motion for Leave to File Additional Motions [Docket 46]; Motion to Exclude Tommy Edward Young Sr.'s Alibi Defense [Docket 49]; Objection to Rule 609(b) Notice [Docket 50]; Defendant Tommy E. Young, Sr.'s Pre-Trial Motions (Second Set) [Docket 68]; Motion in Limine for *James* Review of Co-Conspirator Statements [Docket 81]; Motion for Notice of Intent to Use and Description of 404(b) Evidence [Docket 82]; Motion for Identification of Credit Card and Telephone Records Which Government will Introduce [Docket 83]; and Objection to Rule 609(b) Notice [Docket 87].

[2] At the hearing, the Court granted Defendants' motions for Adoption of Co-Defendant's Motions [Docket 41-5, Docket 45, Docket 68-3]. As both parties have adopted the motions filed by the other party, the Court draws no distinction between the defendants with respect to who filed each motion, unless a distinction is deemed necessary.

*A. RULE 404(b) EVIDENCE [Docket 41-3, Docket 44, Docket 68-2]*

Both Defendants object to the Government's introduction of evidence of other crimes allegedly committed by Defendants other than those specifically alleged in the indictment, relying on Rule 404(b) for the proposition that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Defendants also object to the Government's proposed introduction of evidence of prior criminal convictions. The Government disagrees with the characterization of this evidence, arguing that it would be admitted not as "other crimes" evidence, but instead as evidence of "overt acts in furtherance of the conspiracy." (Docket 51 at 2.)

In *United States v. Cooper*, the Fourth Circuit clarified the scope of Rule 404(b):

> Rule 404(b) prohibits the introduction of evidence of prior acts for the purpose of proving the character of a person. Rule 404(b) only applies, however, to evidence relating to acts extrinsic to the conduct being prosecuted. *See United States v. Lipford*, 203 F.3d 259, 260 (4th Cir. 2000). Evidence intrinsic to the story of the crime does not fall under Rule 404(b)'s prohibition. Even where evidence predates the time period of the indictment, the government is allowed to provide context relevant to the criminal charges. *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994).

482 F.3d 658 (4th Cir. 2007). "Other criminal acts are intrinsic when they are 'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (citing *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)).

In *United States v. Kennedy*, the Fourth Circuit dealt with a similar case. There, the defendant, who was charged with a drug conspiracy, disputed the admissibility of "other crimes" evidence relating to another drug conspiracy because it constituted evidence of "other crimes, wrongs, or acts." 332 F.3d 876 (4th Cir. 1994) (citing Fed. R. Evid. 404(b)). The Fourth Circuit

rejected this argument and found the evidence did not qualify as Rule 404(b) evidence: "[T]he mere fact that the evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into 'other crimes' evidence." *Id*. at 885. Clarifying the admissibility of this evidence, the court found that "evidence of uncharged conduct is not considered 'other crimes' evidence if it 'arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." *Id*.

Courts in this circuit have likewise allowed the admission of "other acts" in the form of a prior conviction. *See, e.g.*, *United States v. Yearwood*, 518 F.3d 220 (4th Cir. 2008) (finding probative value of prior drug convictions not outweighed by potential for prejudice as government responsible for proving knowledge and intent as part of the conspiracy charge); *United States v. Boyd*, 209 F. App'x 285 (4th Cir. 2006) (unpublished) (affirming the admissibility of evidence of two prior arrests involving drugs and firearms in a prosecution for conspiracy to distribute drugs and use and carry firearms, as that evidence "directly link[ed] him with the conspiratorial design and the unlawful confederation"); *United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000) (denying the applicability of Rule 404(b) and admitting evidence of a shooting because it "complete[d] the story with respect to the scope of the drug conspiracy").

Count One of the indictment (Docket 1) alleges that Defendants Young, Jr. and Young, Sr. were involved in a conspiracy to knowingly possess, transport across state lines, and sell stolen property, specifically motor vehicles and heavy equipment, and to tamper with and obliterate vehicle identification numbers. 18 U.S.C. § 371; 18 U.S.C. §§ 2312, 2313, 2315, 511. The conspiracy continued "[f]rom in or about June 2003 and continuing through at least October 2008." (Docket 1 at 1.) The indictment also specifies several overt acts committed in furtherance of the conspiracy,

but notes that this is not an exhaustive list of overt acts. (*Id.*) The Government has identified several uncharged acts, including possession and sale of other stolen property. (Docket 89 at 10-13.)

"In a conspiracy case, acts committed in furtherance of the charged conspiracy are themselves part of the act charged. Evidence of such acts is therefore, intrinsic and does not implicate the requirements of 404(b)." *United States v. Arey*, 2009 WL 2596611 (W.D. Va. Aug. 21, 2009) (citing *United States v. Green*, 175 F.3d 822 (10th Cir. 1999)). Here, the Government has persuasively argued, and the nature of the information convinces the Court, that the evidence Defendants object to is part of the charged conspiracy. As such, the evidence aside from Defendants' convictions, does not come under Rule 404(b), and is generally admissible.[3]

Further, the Government provided notice of intent to use prior convictions of both Defendants. (Docket 80.) These convictions all involve stolen property, and all occurred between 2004 and 2008, within the time frame of the alleged conspiracy. (*Id.*; *see also* Docket 1 at 1.) At oral argument, counsel for Defendant Young, Jr. objected to the Government's use of one particular conviction that occurred while Young, Jr. was still a juvenile. Rule 609 speaks of juvenile adjudications in the context of impeachment. Fed. R. Evid. 609(d) ("Evidence of juvenile adjudications is generally not admissible under this rule."). Here, the Government is offering the

---

[3] All relevant evidence, however, must meet the qualifications of Rule 403, which allows for exclusion of otherwise relevant evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. During argument, counsel for Defendants raised the concern that the Government's evidence would needlessly confuse the jury and be unnecessarily cumulative, and that it might persuade the jury to convict Defendants based solely on the fact that they were "thieves" generally. The Court need not decide this issue at this time, and indeed cannot, until the beginning of trial. However, Defendants retain the right to challenge on this basis during the trial based on the evidence presented, and the Court reserves the right to deny the admission of evidence if it appears that the evidence being presented is either unduly prejudicial or unnecessarily cumulative.

juvenile conviction as evidence of the conspiracy, and not for purposes of impeachment. The Fourth Circuit has acknowledged that juvenile convictions are not automatically inadmissible in trials. *See United States v. Smallwood*, 54 F. App'x 399, 399-400 (4th Cir. 2003) (unpublished) (affirming the district court's decision to admit a juvenile conviction under Rule 404(b) was not "arbitrary or irrational"); *United States v. Baxter*, 54 F.3d 774 (4th Cir. 1995) (unpublished) (holding that, "under certain circumstances, the admission of juvenile adjudication evidence is warranted").

The Court has some unanswered questions about the Defendants' convictions, which the Court intends to address the next time it meets with counsel. The Court will reserve ruling on these convictions until then.

For the reasons stated above, Defendants' Motions to Exclude 404(b) Evidence and Other Crimes Evidence [Docket 41-3, Docket 44, Docket 68-2] are **DENIED IN PART**.

*B. RULE 609(b) EVIDENCE [Docket 50, Docket 87]*

The Government objects to Defendant's Notices of Intent to Use Stale Convictions for witnesses Dennis Marcum, Jr., Jay Summerfield, and Dean Allen Hartsel. Defendant Young, Sr. served notice of intent to use convictions that are more than ten years old, and include a variety of offenses.[4] (Dockets 43, 67.) All convictions occurred more than ten years ago, between 1985 and 1996. (*Id*.) The Government objects to use of these convictions, arguing that the convictions are

[4] The catalogue of offenses Defendant wishes to use are:
For Dennis Marcum, Jr.: Mail Theft by Employee (1995). (Docket 67.)
For Jay Summerfield: Breaking and Entering (1985), Receiving Stolen Property and Attempted Tampering with Evidence (1986), Escape (1995). (Docket 67.)
For Dean Allen Hartsel: Robbery (1985), Forgery (1987), Burglary (1987), Cocaine Possession (1991), Grand Theft Auto (1991), Burglary (1996). (Docket 67.)

stale under Rule 609(b) and that Defendants have not provided specific and articulable facts to the Court to justify their admission for purpose of impeachment.

Rule 609(b) generally prohibits evidence of a conviction when more than ten years have elapsed since the date of conviction or the date of release from confinement. Fed. R. Evid. 609(b). The rule does provide certain situations in which such stale convictions may be used: a party must give "sufficient advance written notice of intent to use" these convictions, and the court must "determine[], in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Id*. The burden of showing such 'specific facts and circumstances' is borne by the party seeking admission of the stale convictions. *United States v. Cavender*, 578 F.2d 528, 530 (4th Cir. 1996). Such convictions should only be allowed "very rarely and only in exceptional circumstances." *Id*. (citing the Senate Report on Rule 609(b)).

Here, Defendants have given adequate notice, and no party contests that all the convictions at issue are more than ten years old. (Dockets 43, 67.) The Court must now consider whether Defendant has provided "specific facts and circumstances" to justify the inclusion of otherwise inadmissible impeachment material.

The sole contention raised by Defendants during the February 12, 2010 motions hearing was that these witnesses may have been given favorable sentencing consideration by the Government in return for their cooperation during these trials. Defendant argued that this may have taken two forms: either these crimes may not have negotiated away from the witnesses' criminal history, or the Government may have allowed them to plead to a crime with a statutory maximum below their Guidelines range, thus practically eliminating the impact of these convictions on a future sentence.

Following the hearing, the Court requested that the Government provide information regarding the plea agreements made by Summerfield and Marcum, as well as the calculation of their criminal history, in order to assess Defendant Young, Sr.'s claim that these witnesses were given reduced sentencing ranges under the United States Sentencing Guidelines in part by somehow minimizing their criminal history, including the stale convictions.[5] The Government complied with the Court's request by letter dated February 17, 2010. The Court addresses each of these contentions for each witness.

*1. Dennis Marcum, Jr.*

Dennis Marcum, Jr. signed a plea agreement, in which he agreed to plead guilty to a violation of 18 U.S.C. § 371, conspiracy to commit violations of 18 U.S.C. §§ 2315, 2313 and 511. This plea exposed him to a statutory maximum period of imprisonment of five years, or 60 months. Mr. Marcum's tentative Guidelines calculation, based on an offense level of 21 and a criminal history category of III, yields an recommended imprisonment range of 46-57 months.

After reviewing the February 17 letter from the Government, the Court finds no basis to conclude that admission of this conviction is necessary to impeach this witness. With respect to the calculation of Mr. Marcum's criminal history, the conviction for theft of mail identified by Defendant Young, Sr. in his Notice was properly included in his criminal history. Therefore, it was

[5] During the motions hearing, counsel for Defendant Young, Sr. also asserted that Marcum and Summerfield could have received reduced sentences by virtue of the offenses to which the pled, reasoning that the Government could in effect cap the sentence with a statutory maximum by virtue of the offense charged. The Court concludes that this potential line of impeachment inquiry is not affected by the Court's ruling on the stale convictions. Defense counsel will certainly have an opportunity to conduct cross examination of these witnesses regarding their plea agreements. As such, this point is not relevant to the determination of the issue of the stale convictions.

neither bargained away nor rendered irrelevant by a statutory cap below the Guidelines Range. Thus, the factual predicate for Defendant's argument is eliminated and the argument fails.

*2. Jay Summerfield*

Jay Summerfield signed a plea agreement, in which he agreed to plead guilty to a violation of 18 U.S.C. § 371, conspiracy to commit violations of 18 U.S.C. §§ 2315, 2313 and 511. Mr. Summerfield also agreed to plead guilty to 18 U.S.C. §§ 2312 and 2, interstate transportation of stolen motor vehicles and aiding and abetting. By virtue of this plea, Mr. Summerfield may receive a prison sentence of up to fifteen years, or 180 months.

After reviewing information provided by the Government in February 17 letter, the Court again finds no basis for the admission of Mr. Summerfield's stale convictions. His 1995 conviction for escape is, in fact, included in the calculation of his criminal history, so there is no basis for concluding that the Government "sweetened" the deal by somehow excluding this conviction. Moreover, as tentatively calculated, Mr. Summerfield's offense level is a 21, with a criminal history level of VI, producing a Guidelines sentencing range of 77-96 months, well below the statutory maximum to which he is exposed.[6]

The other two convictions, breaking and entering (1985) and receiving stolen property and attempted tampering with evidence (1986) are not included in Mr. Summerfield's criminal history. The Court finds, however, that Defendant has not shown that this is proper material for impeachment for two reasons. First, the Guidelines contain a 15 year maximum time period for consideration of

---

[6] Absent the criminal history points from the escape conviction, Mr. Summerfield would have had a criminal history category of V, yielding a Guidelines sentencing range of 70-87 months. Thus, it seems clear that the treatment of this prior conviction has actually had a detrimental impact on his sentencing range, rather than the beneficial one suggested by Defendants.

offenses. *See* U.S.S.G. § 4A1.2(e)(1). Given that each of these convictions occurred more than twenty years ago, no Government deal has resulted in the omission of these convictions. Second, as noted above, Mr. Summerfield's criminal history category is already a VI. Inclusion of these offenses would not result in an increase in Mr. Summerfield's criminal history category, so he could have derived no benefit regarding these convictions.

Therefore, the factual premise for Defendant's argument is entirely undermined.

*3. Dean Allen Hartsel*

Dean Allen Hartsel has not been indicted on any charges related to the conspiracy at issue in this case. The Government informs the Court that Mr. Hartsel is currently incarcerated on state charges in Ohio. The Court is unaware of any plea agreement or other arrangement with this witness. As such, Defendant's argument that witnesses may be getting special consideration for entering into plea agreements with the Government is inapplicable to this witness. Because Defendants have failed to provide any other reasons for admission of Mr. Hartsel's stale convictions, these convictions will not be admitted.

*4. Conclusion*

Because Defendants have failed to present "specific facts and circumstances" that would justify admission of convictions well outside the ten-year range allowed for in Rule 609(b), the Court **SUSTAINS** the Government's Objection to Defendants' 609(b) Notice.[7]

---

[7] It appeared during the February 12, 2010 hearing that there was some confusion regarding the consequences if the Court were to grant the Government's motion and exclude the stale convictions. The Court's ruling does not mean that defense counsel cannot seek to impeach Marcum and Summerfield by virtue of their involvement in the current conspiracy, more recent criminal history, or the terms of their deal with the Government, including any benefit they may receive for substantial assistance. In that respect, the Court's ruling is very narrow and only prohibits

(continued...)

*C.* JAMES *REVIEW OF CO-CONSPIRATOR STATEMENTS [Docket 81]*

Defendant Young, Jr. made a motion for *James* review of co-conspirator statements offered by the Government, requesting the Court to hold an evidentiary hearing prior to the admission of statements from alleged co-conspirators Dennis Marcum, Jr. and Jay Summerfield. More specifically, Defendant Young, Jr. requests that the Court determine that the Government is "capable of making a prima facie showing of proof independent of the statements of the co-conspirators" that Defendants were involved in a conspiracy.

Rule 801(d)(2) allows for the admission of certain testimonial evidence that is not considered hearsay, specifically admissions by a party-opponent. Fed. R. Evid. 801(d)(2). Under this section, statements may be admitted if the statement is against a party and satisfies one of the five qualifications found in the rule. Two of those qualifications are relevant here. Subsection (A) permits the evidence if it is "the party's own statement, in either an individual or a representative capacity, while Subsection (E) permits introduction of the evidence if the statements are made "by a coconspirator of a party during the course and in furtherance of the conspiracy." *Id.* at (A), (E). A prerequisite for admitting the statements of co-conspirators under subsection (E) is the existence of a conspiracy. *United States v. Dockins*, 659 F.2d 15, 16 (4th Cir. 1981). "Whether such evidence exists is a question for the trial judge." *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (citing Fed. R. Evid. 104; *United States v. Jones*, 542 F.2d 186, 203 n.33 (4th Cir. 1976)).

The Fifth Circuit has developed a *James* hearing, based on that court's holding in *United States v. James*, 590 F.2d 575 (5th Cir. 1979). There, the court concluded that, while relevancy is

---

[7](...continued)
Defendants from using these convictions, all well over ten years old, to accomplish an otherwise proper impeachment.

normally to be determined by the trier of fact, statements by co-conspirators admitted under Rule 801(d)(2)(E) are highly prejudicial and can color the jury's opinions of the case even if the Government is unable to demonstrate a *prima facie* case without them, a necessary prerequisite to their admission and consideration. *Id*. at 579. "As a result, such statements should be evaluated by the trained legal mind of the judge." *Id*. at 580.

The requirement of a *James* hearing has not been adopted in this circuit. "Instead, a trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate." *Hines*, 717 F.2d at 1488 (citing *United States v. McCormick*, 565 F.2d 286, 289 n.5 (4th Cir. 1977)).

The Government argues here that the testimony of Marcum and Summerfield is not being offered under Rule 801(d)(2)(E), but rather will include statements of Defendants and therefore be admissible under Rule 801(d)(2)(A). If that is true, the requirement of laying a factual predicate of the conspiracy would not apply. During oral argument during the motions hearing, the Government represented that it did not intend to offer statements under Rule 801(d)(2)(E), such as statement made by Marcum to Summerfield or vice versa, but rather planned to have Marcum and Summerfield offer statements that were made by Defendants.

Such statements fall clearly under the ambit of Rule 801(d)(2)(A) and not Rule 801(d)(2)(E). Therefore, there is no need at this time to hold a *James* hearing. Further, to the extent that statements might be offered under Rule 801(d)(2)(E), the Court declines to hold a hearing and will instead conditionally allow such statements, subject to the Government's duty to present a prima facie case for conspiracy and Defendants' rights to renew objections to these statements should the

Government fail to do so. Defendant's Motion In Limine for *James* Review by the Court of Co-Conspirator Statements Offered by the Government [Docket 81] is **DENIED**.

*D. OTHER OUTSTANDING MOTIONS*

Based upon the discussions more fully reflected on the record of the February 12, 2010 hearing, the Court disposed of the remaining pretrial motio ns as follows:

1. Motion to Produce Objects Which are Subjects of the Indictment [Docket 40] is **DENIED**;
2. Motion for Additional Discovery [Docket 41-1] is **DENIED AS MOOT**;
3. Motion to Exclude References to Location of Defendant's Residence as "Murder Mountain" [Docket 41-2] is **GRANTED**;
4. Motion to Adopt Co-Defendant's Motions [Docket 41-5] is **GRANTED**;
5. Motion for Leave to File Additional Motions [Docket 41-6] is **GRANTED**;
6. Motion to Adopt Co-Defendant's Motions [Docket 45] is **GRANTED**;
7. Motion for Leave to File Additional Motions [Docket 46] is **GRANTED**;
8. Motion to Exclude Tommy Young, Sr.'s Alibi Defense [Docket 49] is **DENIED AS MOOT**;
9. Motion for Adoption of Co-Defendant's Motions [Docket 68-3] is **GRANTED**;
10. Motion for Leave to File Additional Motions [Docket 68-4] is **GRANTED**;
11. Motion for Notice of Intent to Use and Description of 404(b) Evidence [Docket 82] is **DENIED AS MOOT**[8]; and

---

[8] During the February 12, 2010 motions hearing, the Court improperly stated on the record that this motion was granted. Because the Government had already complied with the request for (continued...)

12. Motion for Identification of Credit Card and Telephone Records which Government Will Introduce [Docket 83] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 26, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

[8](...continued)
identification of convictions which they intended to use at trial, the motion should have been denied as moot.